UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN M.. EICKEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-4139 |
| | § | |
| USAA FEDERAL SAVINGS BANK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case arises from Defendant's alleged violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, and the Fair Credit Billing Act, 15 U.S.C. § 1666. Defendant now moves to dismiss Plaintiff's Complaint, pursuant to FED. R. CIV. P. 12(b)(6), on the ground that it fails to state a claim for which relief can be granted. The Complaint alleges only that Plaintiff notified Defendant of unspecified "billing errors" and that Defendant failed to correct those errors as required by statute. Defendant argues that the Complaint does not, therefore, provide adequate notice of the acts or omissions alleged to give rise to liability, as required by FED. R. CIV. P. 8(a)(2). In the alternative, Defendant moves for a more definite statement concerning each billing error alleged to underlie Plaintiff's claims.

FED. R. CIV. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." This case was filed only a few months ago, and the Court sees no reason to dismiss Plaintiff's Complaint and require him to refile it when an amended pleading may more efficiently accomplish the same goal. The proposed Amended Complaint attached to Plaintiff's response does not, however, satisfy Rule

1

2

8(a)(2), because it does not identify the alleged "billing errors." Accordingly, Plaintiff is hereby **ORDERED** to amend his Complaint, if at all, not later than April 25, 2006, to correct this defect.

    **IT IS SO ORDERED**.

    **SIGNED** at Houston, Texas, on this the 18th day of April, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**