UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN M.. EICKEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-4139 |
| | § | |
| USAA FEDERAL SAVINGS BANK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this Truth in Lending Act ("TILA") case is Defendant's second motion to dismiss Plaintiff's Complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Defendant argues that Plaintiff's First Amended Complaint does not satisfy FED. R. CIV. P. 8(a)(2), which requires that every pleading asserting a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." After considering the parties' filings and the applicable law, the Court finds that Defendant's motion, Docket No. 14, should be and hereby is **DENIED**.

Plaintiff's claims arise from an alleged billing error committed by Defendant. Under the TILA, a billing error is defined as any of the following:

> (1) A reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement.
> (2) A reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof.
> (3) A reflection on a statement of goods or services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of a transaction.

> (4) The creditor's failure to reflect properly on a statement a payment made by the obligor or a credit issued to the obligor.
> (5) A computation error or similar error of an accounting nature of the creditor on a statement.
> (6) Failure to transmit the statement required under section 1637(b) of this title to the last address of the obligor which has been disclosed to the creditor, unless that address was furnished less than twenty days before the end of the billing cycle for which the statement is required.
> (7) Any other error described in regulations of the Board.

15 U.S.C. § 1666(b). Section 1666 provides that if, within sixty days of the issuance of an invoice, a creditor receives notice from the debtor that a billing error has occurred, the creditor may not attempt to collect upon the invoice or suspend or close the credit account without first sending to the debtor a written acknowledgment of the notice and either a corrected invoice or a written explanation supporting the original invoice. 15 U.S.C. § 1666.

In his First Amended Complaint, Plaintiff alleges that he sent notice of a billing error to Defendant and that Defendant failed to respond with the required information while continuing to attempt to collect on the disputed invoice, suspending, and finally closing Plaintiff's account. Plaintiff attached to the First Amended Complaint a copy of the notice of error, which challenges the accuracy of his stated account balance, minimum amount due, and accrued finance charges, as reflected in two invoices sent, as required by § 1666(a), within sixty days of the notice date. The notice contains specific amounts and requests documentary evidence supporting the invoice. Its thrust is that Plaintiff's credit agreement did not authorize Defendant to assess finance charges or fees against Plaintiff.

Defendant argues that Plaintiff's Complaint, including the notice incorporated within it, is insufficient under FED. R. CIV. P. 8(a)(2), because it does not serve to place

Defendant on notice of the nature of the claims against it.  Defendant is incorrect.  While it is true that the statutory definitions of "billing error" do not expressly include finance charges and fees, the statute obviously contemplates the inclusion of such charges within those definitions:

> Action by creditor to collect amount or any part thereof regarded by obligor to be a billing error
> For the purposes of this section, "action to collect the amount, or any part thereof, indicated by an obligor under paragraph (2)" does not include the sending of statements of account, *which may include finance charges or amounts in dispute*, to the obligor following written notice from the obligor as specified under subsection (a) of this section, if –
>> (1) the obligor's account is not restricted or closed because of the failure of the obligor to pay the amount indicated under paragraph (2) of subsection (a) of this section, and
>> (2) the creditor indicates the payment of such amount is not required pending the creditor's compliance with this section.
>
> Nothing in this section shall be construed to prohibit any action by a creditor to collect any amount which has not been indicated by the obligor to contain a billing error.

15 U.S.C. § 1666(c) (emphasis added).

Moreover, and contrary to Defendant's assertions, Plaintiff's statement, in the notice of error, that, "[a]s I have made payments on this account that have been applied to those improper charges[,] the items I claim are billing errors are improperly reflected on the statements in the incorrect amount and/or inaccurate due to a computational or accounting error" adequately alleges billing errors of the types described in §§ 1666(b)(4) and 1666(b)(5).  The notice reflects that Plaintiff contests the assessment of, *inter alia*, $87.65 in finance charges, and that Defendant's action in applying Plaintiff's payments, or any part thereof, against the assessed finance charges constituted either a failure properly to reflect those payments or an accounting or computational error.  These are precisely the types of claims that the TILA was intended to create.  Similarly, Plaintiff's

challenge to the previous and current amounts due listed in the invoice obviously arises from the inclusion in that amount of the finance charges. Finally, the notice clearly requests documentation supporting the invoice. Thus, Plaintiff's claims are colorable under the TILA, and Defendant's motion to dismiss is accordingly **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 12th day of June, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**